UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-09335-HDV-JPR | Date | February 18, 2025 |
| Title | *John Roe JJ 93 v. DOE 1, et al.* | | |

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** IN CHAMBERS—ORDER DENYING PLAINTIFF'S MOTION TO REMAND

## I.  INTRODUCTION

This action arises out of an alleged sexual assault of a minor by a missionary in the Church of Latter-Day Saints.  Before the Court is Plaintiff's Motion to Remand ("Motion").  [Dkt. No. 13].  Plaintiff contends that removal was improper because complete diversity among all parties is lacking.  Defendants respond that Doe 3— the "Corporation of the President of the Long Beach Stake"—is a defunct California holding company that was only added as a sham defendant to defeat diversity.

The Court agrees.  Plaintiff cannot plausibly allege any claim against a dissolved holding company (incorporated solely for tax and real estate purposes) whose place of business had no relation to events in question.  But even if Doe 3 is considered more generally to be the local chapter of the Church, Plaintiff's argument fares no better because under that theory Doe 3 is not an independent legal entity capable of being sued.  Plaintiff's Motion is denied.

## II. BACKGROUND

Plaintiff alleges that he was sexually assaulted at the age of eight by a missionary in the Church of Latter-Day Saints (the "Church"). Complaint ¶¶ 13, 27 [Dkt. No. 1-1]. The alleged incidents occurred in 1989 in Long Beach, California—specifically on Plaintiff's porch and at a local park. *Id*. ¶ 31. The alleged attacker (referred to as "Perpetrator Bradshaw") was purportedly affiliated with the Long Beach "Stake".

Plaintiff filed this action on August 26, 2024 in the Los Angeles Superior Court. *See id*. Plaintiff's Complaint asserts six state law claims: (1) negligence, (2) negligent supervision, (3) sexual abuse of a minor, (4) negligent hiring, supervision, and retention, (5) negligent failure to warn, train, or educate, and (6) breach of mandatory duty. *Id*. ¶¶ 57–98. The Complaint was filed against three Doe Defendants. *Id*.

Defendants removed the case to this Court on October 29, 2024. *See* Notice of Removal. Plaintiff filed his Motion to Remand on November 26, 2024. Motion to Remand ("Motion") [Dkt. No. 13]. The Motion is fully briefed. The Court heard oral argument on the Motion on January 23, 2025 and took the matter under submission. [Dkt. No. 26].

## III. LEGAL STANDARD

Federal courts have original jurisdiction of civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. Federal jurisdiction under Section 1332 requires *complete* diversity, *i.e*., that each plaintiff is diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). A defendant may remove a case from state court to federal court within thirty days after service. 28 U.S.C. §§ 1441, 1446. The removal statute is strictly construed against removal jurisdiction, and there is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *See Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). If the court lacks subject-matter jurisdiction or there exists any defect in the

removal procedure, a federal court may remand the case to state court. See 28 U.S.C. § 1447(c).

## IV.   DISCUSSION

As an initial matter, it is undisputed that Doe 1 refers to the Church, a Utah corporation, and that Doe 2 represents the Temple Corporation of the Church, also a Utah corporation.  The parties, however, disagree regarding the identity of Doe 3.  Defendants argue that Doe 3 is technically the "Corporation of the President of the Long Beach Stake" (the "holding company")—a now defunct California corporation previously used as a holding corporation for tax and real estate purposes.  Wilson Decl. ¶ 20.[1]   On the other hand, Plaintiffs aver that Doe 3 is the ecclesiastical division of the Church, the Long Beach California Stake (the "Long Beach Stake").  Wilson Decl. ¶¶ 4, 8.  Because the parties do not agree on the identity of Doe 3, the Court analyzes whether Doe 3 can be considered a sham defendant under both theories.

Removal is proper when a non-diverse defendant was fraudulently joined.  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Fraudulent joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted).  The latter is established "if a defendant shows that an individual joined in the action cannot be liable on any theory."  *Id.*  Fraudulent joinder is a term of art and does not require an ill motive.  *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983).

A defendant must prove fraudulent joinder by "clear and convincing evidence."  *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  Indeed, if "there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Grancare*, 889 F.3d at 548 (citation omitted).

The Court concludes that Doe 3—if viewed on the first theory as the defunct California holding company—was fraudulently joined.  Plaintiff cannot refute Defendants' proffered evidence that the holding company had no authority to

---

[1] The Complaint refers to Doe 3 as a California corporation and a subsidiary of Doe 1 with its principal place of business at 3701 Elm Avenue, Long Beach, California.  Complaint ¶ 7.

supervise missionaries, including the missionary that allegedly abused Plaintiff. Opposition at 9.  Moreover, it is undisputed that Plaintiff's abuse as alleged in the Complaint did not occur on the property which Plaintiff asserts as Doe 3's principal place of business.  *Id.*; *see also* Complaint ¶ 31.  Simply put, Plaintiff has failed to identify or allege any connection whatsoever between the events in question and Doe 3 *qua holding company*.  Under *Grancare*, since no plausible claim can be asserted against Doe 3 on that theory, it must be considered a sham defendant and disregarded for diversity analysis.

Perhaps recognizing this defect, Plaintiff argues that Doe 3 must be viewed instead as an ecclesiastical unit of the Church which oversees missionaries in the Long Beach area (including the alleged perpetrator).  Motion at 10.  Plaintiff contends that the Long Beach Stake is an unincorporated association and an independent entity from the Church because it is headed by a "stake President" and "comprised of Stake clerks, secretaries, councils and committees."  Motion at 9.  Plaintiff also pleads that Doe 3 is a "religious entity and subsidiary of" the Church.  Complaint ¶ 7.

This theory fails for two reasons.  First, it is inconsistent with the language of the Complaint itself, which identifies Doe 3 as a "corporation sole duly organized" and "registered to do business in California."  Complaint ¶ 7.  That is the former holding company discussed above.[2]

And second, "stakes" and wards do not have their own bylaws or membership standards and operate according to the policies and procedures set forth in the General Handbook of the Church.  Wilson Decl. ¶ 12.  Indeed, the Long Beach Stake has no assets, can pay no judgment, does not own any property, and is funded by the Church.  *Id*. ¶¶ 21–22.  Simply put, the Long Beach Stake reports directly to the Church and is not an independent entity.  *Id.*

Because the Long Beach Stake is a division of the church, it does not possess formal separateness for jurisdictional purposes.  In *Breitman v. May Co. California*, the Ninth Circuit adopted the Sixth Circuit's rule that there is a distinction between an incorporated subsidiary and an unincorporated division as it relates to diversity jurisdiction.  *Breitman*, 37 F.3d at 564 ("A division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes.")

---

[2] That California corporation was dissolved in 2003.  Opposition at 9.

(quoting *Schwartz v. Electronic Data Systems, Inc.*, 913 F.2d 279, 284 (6th Cir.1990)). That rule is dispositive here. *Cf. L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 939 (C.D. Cal. 2011) ("[U]nlike a legally incorporated subsidiary, an unincorporated division of a corporation does not possess the formal separateness required and is therefore not an independent entity for jurisdictional purposes.").

The Court notes that there is currently a split among district courts in this district on the question of whether a local stake of the LDS Church can be recognized for jurisdictional purposes. Having reviewed the various decisions, this Court finds that the better reasoned opinions have concluded that these local ecclesiastical units are ***not*** independent entities entitled to separate jurisdictional recognition. *See Roe JW 142 v. Church of Jesus Christ of Latter-Day Saints*, No. EDCV 24-2150-KK-SPX, 2024 WL 5182415, at *2 (C.D. Cal. Dec. 20, 2024); *Roe AJ 1 v. Church of Jesus Christ of Latter-Day Saints,* No. 2:24-CV-02990-DC-CSK, 2025 WL 268882, at *3 (E.D. Cal. Jan. 22, 2025); *JANE ROE SR 3, Plaintiff, v. THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al., Defendants*, No. 24-CV-07119-EJD, 2025 WL 339162, at *2 (N.D. Cal. Jan. 30, 2025); *Jane Roe MB 69 v. Doe 1*, No. 8:24-CV-02395-JVS-DFM, 2025 WL 415344 (C.D. Cal. Feb. 6, 2025); *Roe RL 8 v. Church of Jesus Christ of Latter-day Saints*, No. 5:24-CV-02149-SSS-SPX, 2025 WL 467489 (C.D. Cal. Feb. 11, 2025).

In summary, the Court finds that Doe 3 was fraudulently joined regardless of whether it is viewed as the California holding company or the Long Beach Stake. Disregarding Doe 3 for purposes of jurisdictional analysis, complete diversity exists and removal was appropriate.

Plaintiff's Motion to Remand is therefore denied.

**IT IS SO ORDERED.**